**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| MELVIN M. FARMER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV179 |
| | ) | |
| CAMPBELL SOUP | ) | |
| SUPPLY CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

LEGAL BACKGROUND

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial

constraints as ordinary litigants.  In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." <u>Nagy v. Federal Med. Ctr. Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2).  A complaint falls short when it does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Id.</u>  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]  The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint, such as a claim barred by the applicable statute of limitations.  Nasim, 64 F.3d at 955.

## DISCUSSION

Plaintiff's Complaint names Campbell Soup Supply Co., Clayton Parks, and Matthew Kelley as Defendants.  (Docket Entry 2 at 1-2.) It asserts that Plaintiff suffered workplace harassment because of his race, sex, and age in violation of Title VII and the Age Discrimination in Employment Act (ADEA).  (See Docket Entry 4 at 2 (Plaintiff's EEOC Charge of Discrimination).)  The Complaint also alleges retaliation under both acts.  (Id.)[2]

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

[2] As an initial matter, neither Title VII nor the ADEA provides for a cause of action against an individual supervisor. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998) ("Congress only intended employers to be liable for

3

However, the face of the Complaint reveals that Plaintiff did not timely file his charge with the Equal Opportunity Employment Commission (EEOC).  Both Title VII and the ADEA require filing a charge with the EEOC "within one hundred and eighty days after the alleged unlawful practice occurred."  29 U.S.C. § 626(d)(1)(A) (ADEA); 42 U.S.C. § 2000e-5(e)(1) (Title VII).[3]  In its Dismissal and Notice of Rights (which Plaintiff submitted as an attachment to his Complaint), the EEOC indicated that "[Plaintiff] waited too long after the date(s) of the alleged discrimination to file [his] charge." (Docket Entry 4 at 3.)  In that regard, Plaintiff alleges Defendant Campbell Soup terminated his employment on April 2, 2013, but he did not file a charge with the EEOC until 217 days later, on November 5, 2013.  (Id. at 2.)

Even assuming that Plaintiff had timely filed an EEOC charge, his Complaint would fail as a matter of law for several reasons. In that regard, Plaintiff's Complaint contains no factual allegations to support that his employer discriminated against him because of his race, sex, or age.  (See Docket Entry 2 at 2-5; Docket Entry 4 at 2.)  Although the Complaint details extensive

_____

Title VII violations."); Birbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer . . . ."). For this reason, Plaintiff's claims fail as to Defendants Parks and Kelley.

[3] The United States Supreme Court has declined to relax the EEOC deadlines for pro se plaintiffs.  See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984).

verbal abuse of a general nature by Defendants Parks and Kelley, as well as the denial of breaks (<u>see</u> Docket Entry 2 at 2-5), "Title VII [and by logical extension, the ADEA] . . . does not set forth a 'general civility code for the American workplace,'" <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 68 (2006) (quoting <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 80 (1998)). To the contrary, Title VII and the ADEA require an employee claiming discrimination to show that an adverse employment action occurred "because of" the employee's race, sex, or age. 29 U.S.C. § 623(a)(1) (ADEA); 42 U.S.C. § 2000e-2(a)(1) (Title VII); <u>see also Hill v. Lockheed Martin Logistics Mgmt., Inc.</u>, 354 F.3d 277, 286 (4th Cir. 2004) (discussing fact that, under Title VII and ADEA, "an individual alleging disparate treatment based upon a protected trait must produce sufficient evidence upon which one could find that 'the protected trait . . . actually motivated the employer's decision'" (quoting <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 141 (2000))).

In this case, however, the Complaint offers no facts showing that Plaintiff suffered mistreatment because of his race, sex, or age. First, the Complaint simply includes no factual allegations concerning race beyond identifying Plaintiff as "African American." (<u>See</u> Docket Entry 2 at 2-5; Docket Entry 4 at 2.) Nor would the mere allegation that a supervisor of one race treated an employee of a different race rudely present a plausible claim of

discrimination.  See, e.g., Hawkins v. Pepsico, Inc., 203 F.3d 274, 282 (4th Cir. 2000) (declaring that the "[l]aw does not blindly ascribe to race all personal conflicts between individuals of different races").  Second, the Complaint's only non-conclusory reference to age concerns a disparaging comment about young employees by Defendant Parks  (see Docket Entry 2 at 4); however, "the ADEA [] forbids only discrimination preferring young to old," General Dynamics Land Sys., Inc. v. Cline, 540 U.S. 581, 593 (2004).  As to sex, the Complaint does allege that Defendants Parks and Kelley "insinuated [Plaintiff] was having a sexual relationship [outside his marriage] . . . . [causing] [o]ther employees [] to joke, tease and make fun of [him] . . . [and causing Plaintiff to feel] sexually violated."  (Docket Entry 2 at 3; see also Docket Entry 4 at 2.)  Nonetheless, Title VII imposes high standards for claims of sexual harassment, which "[p]roperly applied, [] will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing."  Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (internal quotation marks omitted). In sum, the Complaint does not contain allegations sufficient to establish sexual discrimination in the form of a "hostile work environment."  (See Docket Entry 2 at 2-5, Docket Entry 4 at 2.)

Moreover, the face of Plaintiff's Complaint clearly identifies a legitimate, nondiscriminatory reason for the only cognizable

adverse employment action he alleges - his termination. Specifically, in an attachment to the Complaint, Plaintiff states that he "was terminated for sleeping on the job, which [he] take[s] responsibility for." (Docket Entry 4 at 2.) Plaintiff's statement in that regard establishes as a matter of law the lack of causation required for a Title VII or ADEA claim. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009) ("To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."); Hill, 354 F.3d at 286 (clarifying that, under Title VII and ADEA, "[t]he protected trait must have actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome" (internal quotation marks omitted)). In other words, by Plaintiff's own admission, Defendant Campbell Soup did not fire him because of his race, sex, or age.

As a final matter, Plaintiff's Complaint lacks any factual allegations to support a retaliation claim. Retaliation claims under Title VII and the ADEA require an employee to show that a materially adverse action occurred because the employee engaged in a protected activity under the same statutes, such as filing a complaint with the EEOC. See Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998). However, Plaintiff's Complaint does not identify any protected activities under Title VII or the ADEA in which he

engaged _prior to his termination_.  (_See_ Docket Entry 2 at 2-5; Docket Entry 4 at 2.)  Simply invoking the term "retaliation" does not suffice to state a claim.  _See, e.g., Iqbal_, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

CONCLUSION

Plaintiff's Complaint falls short as a matter of law.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 22, 2014